IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID LEE HARBIN                                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 4:10-cv-109-HTW-LRA

CHRISTOPHER EPPS, ET AL.                                                      DEFENDANTS

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

THIS cause is before the undersigned Magistrate Judge on the Motion to Dismiss filed by Defendant Christoher Epps, David Petrie, and Emmitt Sparkman [ECF No. 28]. The undersigned has also reviewed the merits of the claims against the remaining Defendants, Bart Grimes and Dale Caskey. The moving Defendants allege that David Lee Harbin [hereinafter "Plaintiff" or "Harbin"] has failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants further assert they are entitled to both qualified immunity and immunity under the Eleventh Amendment of the United States Constitution. Having carefully considered the pleadings and the applicable law, the undersigned recommends that Defendants' Motion to Dismiss be **granted** for the reasons that follow. The undersigned also recommends that the Complaint be dismissed as to the remaining Defendants for the same reasons.

## Facts and Procedural History

Plaintiff, an inmate who is incarcerated at the Mississippi State Penitentiary at Parchman, Mississippi, [hereinafter "Parchman"] filed this complaint pursuant to 42

U.S.C. § 1983, on or about June 21, 2010. The named Defendants are Christopher Epps, Commissioner of the Mississippi Department of Corrections [MDOC]; Bart Grimes and Dale Caskey, former wardens at East Mississippi Correctional Institute [EMCF]; Emmitt Sparkman; and, David Petrie. Plaintiff also named Marion Lee Carmichael and Willie Bookert as Defendants, but they have not been served with process and are no longer are employed by MDOC or the prison. Plaintiff did not provide an address for either of them where service of process could be completed.

Plaintiff appeared before the undersigned United States Magistrate Judge on March 3, 2011, at the Federal Courthouse in Jackson, Mississippi, for an omnibus and *Spears* hearing. At this hearing, Plaintiff explained his claims, augmenting the pleadings. According to Plaintiff, he was transferred from EMCF to Parchman in March 2009 for medical attention. While at Parchman, Plaintiff alleges that his "property, legal material, personal mail, and eventually everything" was stolen from him by other inmates as part of a conspiracy between the inmates and the named defendants, as well as former Attorney General Mike Moore [Complaint, ECF No. 1]. Plaintiff contends that the object of the conspiracy was to confiscate and destroy his evidence involving prior complaints filed in this Court [Cause Nos. 4:07cv44 and 4:08cv71, both dismissed]. This was evidence of his illegal detention, according to Plaintiff [ECF No. 10].

Plaintiff filed the instant Complaint against Defendants for "Illegal Imprisonment." He contends that the defendants conspired to confiscate all of his evidence of his illegal detention by stealing his unspecified legal materials in order to illegally detain him [ECF

No. 10, p. 2]. The Court instructed Plaintiff at the omnibus hearing that any claims regarding his actual confinement must be filed by way of a petition for writ of habeas corpus. *See Wilkinson v. Dotson,* 504 U.S. 74, 78 (2005) (quoting *Preiser v. Rodgriquez,* 411 U.S. 475, 489 (1973)) ([A] "prisoner in state custody cannot use a Section 1983 action to challenge 'the fact or duration of his confinement.'") The facts, as set forth in his Complaint, relate primarily to theft of his property. [ECF 1, p. 4]. Further, after extensive questioning by the undersigned at his omnibus hearing, Plaintiff indicated that his claim was for the alleged stolen property, including his legal materials. Accordingly, only the merits of Plaintiff's deprivation of property claim will be addressed.

Defendants Christopher Epps, David Petrie, and Emmitt Sparkman claim that Plaintiff has failed to state a claim upon which relief can be granted, and they are entitled to a judgment at law, under Rule 12(b) of the Federal Rules of Civil Procedure. Additionally, Defendants claim they are entitled to both qualified immunity and Eleventh Amendment immunity.

**Standard of Review**

"Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). The plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The well pleaded facts must permit the court "to infer more than the mere possibility of misconduct." *Id.* at 678.

The same standard of review is applied "when immunity is urged as a defense by a motion to dismiss." *Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

**Analysis**

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* [hereinafter "IFP"] and provides that "the court shall dismiss the case at any time if the court determines that... (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted IFP status, Section 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that a complaint filed pursuant to 42 U.S.C. § 1983 is not cognizable absent the Defendants depriving Plaintiff of some right secured to him by the Constitution or the laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution).

4

It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). This holds equally true for claims of negligent deprivation. *Daniels v. Williams*, 474 U.S. 327, 330 (1986). State law may provide an adequate post-deprivation remedy. *See Hudson,* 468 U.S. 517. Inmate grievance procedures put in place by the prison may also constitute an adequate post-deprivation remedy. *Id.* at 536 n.15.

The Fifth Circuit has found Mississippi's post-deprivation remedies for civil IFP litigants to satisfy due process. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin. *Barrett v. Lawler*, 2009 WL 1364818 (S.D. Miss. 2009). Plaintiff could have pursued any of these actions to recover the property he insists was wrongfully taken from him. Moreover, the Mississippi Department of Corrections Administrative Remedies Program provides an additional means of obtaining redress for property deprivations. Plaintiff failed to pursue any of these options, other than a portion of the ARP program. Accordingly, Plaintiff has failed to state a claim under the United States Constitution and is prevented from pursuing this claim in federal court.

The fact that Plaintiff claims that some of his legal papers were stolen does not change the analysis in this case. Although prisoners clearly have a constitutionally protected right of access to the courts, an actual injury must result from Defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 350 (1996), citing

*Bounds v. Smith*, 430 U.S. 817 (1977); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999), citing *Lewis*, 518 U.S. 351-54. Plaintiff does not allege that he would have been successful in being released from prison had his "legal papers" not been lost or stolen. He cannot show an actual injury, and no constitutional violation has been stated.

Defendants argue they are entitled to both qualified immunity and Eleventh Amendment immunity. However, as discussed above, the availability of adequate state law remedies clearly bars Plaintiff from bringing this suit under the *Hudson* doctrine. Accordingly, it is unnecessary to proceed with the immunity analysis.

## Conclusion

Since the State of Mississippi affords Plaintiff an adequate post-deprivation remedy for the alleged loss or deprivation of his personal property, no due process violation exists and Plaintiff's assertion that Defendants have violated his constitutional rights is without merit. The Court's analysis applies to even the non-moving Defendants, and the case should be dismissed as to all Defendants. Therefore, the Court finds that the facts asserted by the Plaintiff do not state a claim upon which relief may be granted, and the Complaint must be dismissed.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these recommendations within 14 days after service. Plaintiff is hereby notified that his failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th day of July, 2013.

/s Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE